1  DENNIS M. GRADY, Bar No. 118461
   GRADY AND ASSOCIATES
2  3517 Camino Del Rio South, Suite 400
   San Diego, California  92108
3  Telephone:  (619) 528-2530

   FILED
   2010 APR -6  PM 3: 17
   CLERK US DISTRICT COURT
   SOUTHERN DISTRICT OF CALIFORNIA
   BY _____ DEPUTY

5  Attorneys for Plaintiff, ELSA MANULID

                 UNITED STATES DISTRICT COURT

                SOUTHERN DISTRICT OF CALIFORNIA

   ELSA MANULID,                  ) Case No. 10CV0721 WQH   CAB
                                  )
                  Plaintiff,      ) COMPLAINT FOR
                                  )
   vs.                            ) (1) BREACH OF CONTRACT;
                                  ) (2) CALIFORNIA TORT CAUSE OF
                                  )     ACTION FOR WRONGFUL
                                  )     ADVERSE ACTION AND
   SYCUAN CASINO & RESORT, an     )     TERMINATION IN VIOLATION
   entity; SYCUAN BAND OF THE     )     OF PUBLIC POLICIES;
   KUMEYAAY NATION, an entity; DR.) (3) VIOLATION OF THE FEDERAL
   DONALD WEISS; an individual;   )     FAMILY MEDICAL LEAVE ACT;
   and DOES 1-30, inclusive.      )     AND
                                  ) (4) BATTERY.
                  Defendants.     )
                                  ) JURY TRIAL DEMANDED
                                  )
                                  )
   _____)

        Plaintiff complains and alleges as follows:

                         **JURISDICTION**

        1.   This court has jurisdiction under 29 C.F.R. §
   825.400(a)(2) and because the events or omissions giving rise to
   Plaintiff's claims occurred in this judicial district, thus venue
   is proper here pursuant to 28 U.S.C. § 1391 (b)(2).
   ///

                                 1
                              COMPLAINT

## VENUE

2. Venue is proper in the Southern District of California under 42 U.S.C. §2000e - 5(f) and as the judicial district in which the unlawful employment practices occurred and in which relevant employment records are maintained and administered.

## PARTIES

3. Plaintiff ELSA MANULID ("Plaintiff") is, and at all relevant times was, a resident of the State of California, County of San Diego.

4. PLAINTIFF is informed and believes and thereby alleges that DEFENDANT SYCUAN CASINO & RESORT, ("SYCUAN") is, and at all relevant times was, an entity of type unknown organized and existing under and by virtue of the laws of a state unknown, with a principal place of business in the State of California, County of San Diego.

5. PLAINTIFF is informed and believes and thereby alleges that DEFENDANT SYCUAN BAND OF THE KUMEYAAY NATION (hereinafter "SYCUAN") is, and at all relevant times was, an entity of type unknown organized and existing under and by virtue of the laws of a state unknown, with a principal place of business in the State of California, County of San Diego.

6. The entity defendants identified above are collectively referred to herein as "SYCUAN."

7. PLAINTIFF is informed and believes and thereby alleges that DEFENDANT DR. DONALD WEISS ("WEISS") is, and at all relevant times was, a resident of the State of California, County of San Diego.

///

8.   The true names and capacities of the Defendants named herein as DOES 1 through 30, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff who therefore sues such Defendants by fictitious names pursuant to Code of Civil Procedure §474.  Plaintiff is informed and believes that the DOE Defendants are California residents.  Plaintiff will amend this Complaint to show such true names and capacities when they have been determined.

9.   Plaintiff is informed and believes and on that basis alleges that each of the Defendants herein was at all relevant times the agent, employee or representative of the remaining Defendants and was acting at least in part within the scope of such relationship, although as to DR. DONALD WEISS, at least partly outside of the scope of such relationship also.

### FACTS COMMON TO ALL CLAIMS

10.   PLAINTIFF worked for SYCUAN for eight (8) years as a cashier.  On or about April 6, 2008, as PLAINTIFF was sitting down her desk chair rolled back and she hit the back of her head on an open drawer.

11.   Despite being in an incredible amount of pain, PLAINTIFF went to work the next day on April 7, 2008.  Shortly after PLAINTIFF got to work, PLAINTIFF was told to go home.  SYCUAN'S policy violations are tracked on a point based system.  An employee who earns 15 points will be terminated.  PLAINTIFF was given 2 points for leaving early, even though her supervisor had told her to leave.

12.   On or about April 8, 2008, PLAINTIFF visited SYCUAN's Medical/Dental Center for her injury and met with WEISS.  During

1  this visit, PLAINTIFF relayed the fact that she had injured her
2  head and neck. Much to her surprise, WEISS placed his finger in
3  PLAINTIFF'S rectum during her medical exam and then he
4  immediately left the room.

5      13. After waiting for awhile in the room, PLAINTIFF left
6  the exam room and found a medical assistant. When PLAINTIFF
7  asked the assistant why she was given a rectal exam, the
8  assistant claimed that WEISS was confused about the nature of her
9  injury and that he had left the office. Later that same week,
10 PLAINTIFF wrote a letter to Human Resources informing them of how
11 she was violated during her doctor's visit.

12     14. PLAINTIFF went on medical leave starting on April 8,
13 2008. On May 8, 2008, PLAINTIFF returned to work even though
14 PLAINTIFF continued to suffer from depression and heart
15 palpitations from the trauma of her doctor's visit. In June of
16 2008, PLAINTIFF called in sick on four different occasions
17 because of her injury and her depression. Despite the fact that
18 she called in sick with excused absences, PLAINTIFF accrued eight
19 points towards being terminated.

20     15. It was not until May 15, 2008, about six weeks after
21 her doctor's visit, that PLAINTIFF received a response to the
22 letter that she sent to Human Resources completely dismissing her
23 claims.

24     16. By October of 2008, PLAINTIFF had fourteen (14) points
25 accrued against her, even though these absences were excused due
26 to her injury and depression. On or about October 9, 2008, to
27 October 11, 2008, PLAINTIFF called in sick because she was
28 suffering from heart palpitations. On or about October 15, 2008,

PLAINTIFF returned to work with a doctor's note for her absences.

17. At about 5:00 p.m. that same day, PLAINTIFF was terminated by the head of her department, for, she was told, exceeding the allowable number of points. This is a termination in direct violation of PLAINTIFF'S medical leave rights.

18. PLAINTIFF continues to suffer from heart palpitations and depression as a result of her doctor's visit.

### FIRST CLAIM

(Breach of Contract Against SYCUAN; and Does 1-5 and 6-15, inclusive)

19. PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.

20. PLAINTIFF was employed by SYCUAN continuously for eight (8) years. During the entire course of PLAINTIFF'S employment, there existed an implied in fact employment contract between PLAINTIFF and Defendants which included, but not limited to, the following terms and conditions:

a. PLAINTIFF would be able to continue her employment with Defendants indefinitely so long as she carried out her duties in a proper and competent manner;

b. PLAINTIFF would not be terminated nor would PLAINTIFF'S job functions be reassigned for other than good, just, and sufficient cause with notice thereof; and

c. Defendants would not unlawfully discriminate against PLAINTIFF or adversely treat PLAINTIFF based upon unlawful criteria.

///

21. This total employment contract was evidenced by various representations to PLAINTIFF by Defendants' agents and employees, and the parties' entire course of conduct.

22. PLAINTIFF'S reliance on, belief in, and acceptance in good faith of, all of the assurances, promises and representations led PLAINTIFF throughout her employment with Defendants to reasonably believe that her employment was secure and that there existed a contract of continuous employment with Defendants. As independent consideration for this contract of continuing employment, as evidence of PLAINTIFF'S reliance thereon, in addition to performing her regular duties as an employee of Defendants, PLAINTIFF refrained from seeking any other employment.

23. PLAINTIFF'S lengthy period of service also led her to believe reasonably, that PLAINTIFF could only be terminated for good, just, and sufficient cause.

24. PLAINTIFF undertook and continued employment and duly performed all conditions of the contract to be performed by her. PLAINTIFF has at all times been ready, willing and able to perform and has offered to perform all the conditions of this contract to be performed by her.

25. Despite the representations made to PLAINTIFF and the reliance she placed on them, Defendants failed to carry out their responsibilities under the terms of the employment contract by wrongfully terminating PLAINTIFF, despite satisfactory job performance.

26. As a proximate result of Defendants' breach of contract against PLAINTIFF, PLAINTIFF has suffered and continues to suffer

6
COMPLAINT

substantial losses in earnings, reimbursement for expenses incurred by PLAINTIFF but not paid to PLAINTIFF, bonuses earned and due PLAINTIFF but not paid to PLAINTIFF, deferred compensation, and other employment benefits all to her damage in an amount according to proof.

### SECOND CLAIM

**(A California Tort Cause of Action for Wrongful Adverse Action and Termination in Violation of Public Policies Against SYCUAN, and DOES 1-5 and 10-20, Inclusive)**

27. PLAINTIFF hereby realleges and incorporates by reference each and every preceding paragraph of this complaint.

28. Under California law it is unlawful to adversely treat or terminate an employee on grounds that violate a stated public policy.

29. There is a well-recognized public policy under the California Fair Employment and Housing Act that prevents employers from adversely treating or terminating an employee for having a disability, California Government Code § 12900 et seq.

30. There is a well-recognized public policy under the California Family Rights Act that prevents employers from adversely treating or terminating employees for taking leave or planning to take leave to treat a substantial illness, California Government Code § 12945.2 et seq.

31. There is a well-recognized public policy under the Federal Family Medical Leave Act that prevents employers from adversely treating or terminating an employee for taking leave or planning to take leave to treat a substantial illness, 29 USC § 2601 et seq.

///

32. DEFENDANTS, individually and through their officers, partners, agents, and/or employees acting within the scope of their employment, adversely treated and discharged PLAINTIFF because of her use of medical leave and because of her disabilities. The termination of PLAINTIFF was committed by Defendants in direct violation of the fundamental public policies embodied in California's Fair Employment and Housing Act, Americans with Disabilities Act, California's Family Rights Act, and the Federal Family Medical Leave Act.

33. As a proximate result of DEFENDANTS' wrongful acts against PLAINTIFF, PLAINTIFF has suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits. PLAINTIFF has suffered and continues to suffer embarrassment, humiliation and mental anguish all to her damage in an amount according to proof.

34. DEFENDANTS committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF'S rights. PLAINTIFF is thus entitled to recover punitive damages from Defendants in an amount according to proof.

WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

### THIRD CLAIM

**(Violation of the Federal Family Medical Leave Act Against Defendant SYCUAN and DOES 15-25, Inclusive)**

35. Plaintiff hereby realleges and incorporates by reference each and every preceding paragraph of this complaint.

///

8
COMPLAINT

36. Plaintiff was at all material times an employee covered by the Family Medical Leave Act (FMLA) requiring employers to grant leave time to employees for the reason of the employee's or the employee's family members' serious health condition.

37. Defendants are, and at all material times were, employers within the meaning of the FMLA. Under the FMLA, it is, and was, unlawful for Defendants to discriminate or retaliate against Plaintiff for taking leave for the reason of Plaintiff's serious health condition or to interfere with the use of that leave.

38. Defendants violated the FMLA by willfully discriminating against Plaintiff and retaliating against Plaintiff for taking leave under the FMLA in the manner described above and by interfering with her use of such leave.

39. As a proximate result of Defendants' violation of Plaintiff's rights as alleged herein, Plaintiff has suffered and continues to suffer substantial losses including lost earnings, bonuses, deferred compensation and other employment benefits, and has suffered and continues to suffer embarrassment, humiliation and mental anguish all to her damage in an amount according to proof.

40. Defendants' discriminatory acts against Plaintiff, which violated the FMLA, were wilful, and an award of liquidated damages in an amount equal to the award of monetary damages due to Plaintiff from Defendants is appropriate in this case pursuant to 29 U.S.C. § 2617.

41. As a result of Defendants' violation of the FMLA as alleged herein, Plaintiff is entitled to reasonable attorneys'

fees and costs of said suit as provided by the FMLA.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

### FOURTH CLAIM

(Battery, Against DEFENDANTS SYCUAN; WEISS; and DOES 1-5 and 20-30, inclusive)

42. PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.

43. By each of the acts alleged in this complaint, DEFENDANT WEISS touched PLAINTIFF with the intent to cause a harmful or offensive contact.

44. PLAINTIFF did not give her willing, voluntary, or informed consent to be touched.

45. PLAINTIFF was injured, harmed and/or offended by DEFENDANT WEISS' touching. Specifically, PLAINTIFF suffered by invasion of her personal dignity, a lowering of her self-esteem and image, mental suffering and anguish, embarrassment, and humiliation all to her damage in an amount according to proof.

46. To the extent allowed by law, SYCUAN is vicariously liable for the acts of WEISS.

47. DEFENDANTS committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF's rights. PLAINTIFF is thus entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

**PRAYER**

WHEREFORE, Plaintiff requests relief as follows:

1. For damages according to proof including loss of earnings, deferred compensation and other employment benefits;

2. For compensatory damages for losses resulting from embarrassment, harm to reputation, humiliation, mental anguish, and other emotional distress according to proof;

3. For interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits at the prevailing rates;

4. That Defendants, their agents, successors, employees and those acting in concert, be enjoined permanently from engaging in each of the unlawful practices, policies, usages and customs set forth herein;

5. For reinstatement of Plaintiff in the position from which she was wrongfully terminated or a comparable position in Defendants' organization and all benefits attendant thereto that would have been afforded Plaintiff but for said discrimination and violations;

6. For liquidated damages to the extent allowed by law;

7. For punitive damages according to proof;

8. For costs of suit including reasonable attorneys fees;

9. For such other and further relief as the Court may deem proper.

///

///

DATED: April 6, 2010

GRADY AND ASSOCIATES

By: *[signature]*
DENNIS M. GRADY, Esq.
Attorneys for Plaintiff
ELSA MANULID

### REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury trial.

DATED: April 6, 2010

By *[signature]*
Dennis M. Grady, Esq.
Attorney for Plaintiff,
ELSA MANULID

COMPLAINT

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Elsa Manulid

**DEFENDANTS**
Sycuan Casino & Resort, an entity; Sycuan Band of the Kumeyaay Nation, an entity; Dr. Donald Weiss; and individual

(b) County of Residence of First Listed Plaintiff  **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  CALIFORNIA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Dennis M. Grady, Grady and Associates, 3517 Camino del Rio South, #400, San Diego, CA 92108 (619) 528-2530

Attorneys (If Known)
'10 CV 0721 WQH  CAB

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment |  ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  |  / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 C.F.R. Section 825.400 (a)(2)   29; 1391 MTB

Brief description of cause:
FMLA ect.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 04/06/2010
SIGNATURE OF ATTORNEY OF RECORD: Dennis M. Grady, Esq.

**FOR OFFICE USE ONLY**
RECEIPT # 11950   AMOUNT $350   APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____
PB 04-06-10



```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS011950
Cashier ID: mbain
Transaction Date: 04/06/2010
Payer Name: GRADY AND ASSOCIATES
-----------------------------------
CIVIL FILING FEE
 For: MANULID V SYCUAN CASINO
 Case/Party: D-CAS-3-10-CV-000721-001
 Amount:        $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 3718
 Amt Tendered:  $350.00
-----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```