LAURA E. DUFFY
United States Attorney
RICHARD TOLLES
Assistant U.S. Attorney
State of California Bar No. 078948
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 557-7479

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELSA MANULID,<br><br>               Plaintiff,<br><br>  v.<br><br>SYCUAN CASINO & RESORT, an entity; SYCUAN BAND OF THE KUMEYAAY NATION, an entity; DR. DONALD WEISS, an individual, and DOES 1-30, inclusive,<br><br>               Defendants. | Case No. 10CV0721WQH(CAB)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT<br><br>DATE: October 18, 2010<br>TIME: 11:00 a.m.<br>CTRM: 4<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

I

BACKGROUND AND PROCEDURAL HISTORY

On April 6, 2010, Plaintiff initiated this action naming as Defendants, <u>inter alia</u>, the Sycuan Band of the Kumeyaay Nation and Donald Weiss, M.D. Dr. Weiss is a physician-employee of the Sycuan Tribal Government and provides medical services at the Sycuan Medical Clinic. Dr. Weiss' position is funded under the Indian Self Determination and Education Assistance Act (ISDEAA), 25 U.S.C. § 450f(d).

//

1    Plaintiff's Complaint alleges various employment-related claims
2    against the Sycuan tribal Defendants, and a common law battery claim
3    against Dr. Weiss.  It is clear from the Complaint that the alleged
4    battery occurred while Dr. Weiss was providing medical services to
5    Plaintiff at the Sycuan Medical Clinic.  Complaint, ¶¶ 12, 42-47.

6    With respect to the particular events alleged in the Complaint,
7    the United States Attorney for the Southern District of California,
8    through her designate, has certified pursuant to 42 U.S.C. § 233(c)
9    and 28 U.S.C. § 2679(d)(1) that Dr. Weiss was acting within the scope
10   of his employment at the Sycuan Medical Clinic, under an ISDEAA
11   funding agreement.  A copy of the certification was filed with the
12   Court on or about September 9, 2010.  Because Dr. Weiss was providing
13   medical services pursuant to an ISDEAA agreement, he is deemed an
14   employee of the Department of Health and Human Services, Public Health
15   Service, for purposes of suit for acts or omissions in the provision
16   of such services.  See 25 U.S.C. § 450f(d).

17   Following the certification of Dr. Weiss, the United States was
18   substituted as the defendant in place of Dr. Gomez, as provided in 42
19   U.S.C. § 233(c) (suit against a PHS employee to be "deemed a tort
20   action brought against the United States") and 28 U.S.C. § 2679(d)(1)
21   (mandating substitution as to federal employees sued for acts within
22   the scope of federal employment).  The medical claim alleged against
23   Dr. Weiss now proceeds as a tort action against the United States
24   under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, et seq.
25   See 42 U.S.C. § 233(a).
26   //
27   //
28   //

Before commencing an FTCA suit, a claimant must pursue administrative remedies by presenting an administrative claim within two years after a claim accrues.  See 28 U.S.C. §§ 2401(b), 2675(a). No record exists that Plaintiff submitted an FTCA administrative claim as required by the FTCA.  See Exhibit 1, Hawkins Decl., ¶¶ 1-4. Plaintiff's claim therefore must be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).[1]

II

ARGUMENT

THE COURT LACKS SUBJECT MATTER JURISDICTION UNDER THE FTCA DUE TO PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

The United States is immune from suit save as it consents to be sued.  United States v. Mitchell, 445 U.S. 535, 538 (1980); United States v. Testan, 424 U.S. 392, 399 (1976).  The FTCA is a limited statutory waiver of the United States' sovereign immunity from suit.  "Any such waiver must be strictly construed in favor of the United States." Ardestani v. Immigration and Naturalization Service, 502 U.S. 129, 137 (1991).  Therefore, any prerequisites to the filing of a suit under the FTCA must be strictly observed.  A jurisdictional prerequisite to suing the United States in tort is the filing of an administrative claim with the appropriate federal agency, as required by 28 U.S.C. § 2675(a).  Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000); Cadwalder v. United States, 45 F.3d 297, 300 (9th Cir. 1995).  As set forth in 28 U.S.C. § 2675(a):

//

_____

[1]  The FTCA contains a savings provision for actions in which the United States is substituted in place of an individual defendant. Section 2679(d)(5) of 28 U.S.C. provides sixty days from dismissal to present the required administrative claim.

10cv0721

<blockquote>
(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing. . . . The failure of an agency to make final disposition of a claim within six months after it is filed shall. . . be deemed a final denial of the claim for purposes of this section.[2]
</blockquote>

Plaintiff's FTCA claim must be dismissed because she has not pled that she complied with the FTCA's administrative exhaustion requirement before bringing this action, and because the evidence before the Court proves that she filed no such claim.

A plaintiff has the burden to allege that subject matter jurisdiction is proper. <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994). At the pleading stage, this burden is met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction. <u>McNutt v. Gen. Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1).

<blockquote>
A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention ... must dismiss the case, unless the defect can be corrected....
</blockquote>

<u>Tosco Corp. v. Cmtys for a Better Env't.</u>, 236 F.3d 495, 499 (9th Cir. 2001), <u>abrogated on other grounds by</u> <u>Hertz Corp. v. Friend</u>, 130 S. Ct.

---

[2]   Once an FTCA claim is presented, the involved federal agency has six months to act. <u>See</u> 28 U.S.C. § 2675(a). A lawsuit which is commenced prior to the presentation of an FTCA administrative claim to the appropriate agency is premature and must be dismissed. <u>Jerves v. United States</u>, 966 F.2d 517, 519 (9th Cir. 1992). A premature complaint cannot be cured by presenting an FTCA administrative claim to the agency after suit has been filed. <u>McNeil v. United States</u>, 508 U.S. 106, 110-13 (1993). Rather, a premature suit must be dismissed and refiled after the presentation of an administrative claim and either its subsequent denial, or alternatively, the expiration of the six-month statutory period afforded by 28 U.S.C. § 2675(a).

10cv0721

1181 (2010).  Plaintiff's compliant contains no allegation concerning the presentation of an FTCA administrative claim.  Accordingly, she fails to allege an important prerequisite to subject matter jurisdiction and dismissal is required.

As discussed in the Declaration of Daretia Hawkins, an attorney at the Office of the General Counsel, Department of Health and Human Services (HHS), any claim presented by Plaintiff to HHS directly, or to the Sycuan Medical Clinic, would have been entered into the HHS Claims Office computerized database.  Ex. 1 at ¶ 3.  However, no record of any administrative tort claim from Plaintiff has been located in the computerized database maintained by HHS.  Id. at ¶ 4. Furthermore, Ms. Hawkins' staff contacted the Sycuan Medical Clinic and was advised that they had no record of any FTCA administrative claim presented by Plaintiff.[3]  Id.

This Court may consider evidence outside the complaint in connection with a challenge to its subject matter jurisdiction.  See Gotha v. United States, 115 F.3d 176, 179 (3rd Cir. 1997).  When such evidence is presented, "'[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'"  Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983) (citation omitted).  Because Plaintiff failed to present an administrative claim before commencing this suit, the action is premature and must be dismissed for lack of subject matter jurisdiction.

//

---

[3]  As held in Estrella v. United States, 2000 WL 33348249, *3 (W.D. Tex.), delivery of a claim to a health center, such as the Sycuan Medical Clinic is legally insufficient in any event.

10cv0721

III

CONCLUSION

Plaintiff  has  not  complied  with  the  administrative  claim requirements of the FTCA.  She therefore has failed to satisfy the FTCA's jurisdictional prerequisites and Plaintiff's claim against the United States must be dismissed.

DATED:    September 9, 2010

LAURA E. DUFFY
United States Attorney

s/ Richard Tolles

RICHARD TOLLES
Assistant U.S. Attorney
E-Mail: Richard.Tolles@usdoj.gov
Attorneys for Defendant
United States of America

10cv0721