1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10
11  ELSA MANULID,                          CASE NO. 10cv721 WQH (CAB)
12                         Plaintiff,      ORDER
                vs.
13
14  SYCUAN CASINO & RESORT, an
    entity; SYCUAN BAND OF THE
15  KUMEYAAY NATION, an entity;
    UNITED STATES OF AMERICA;
16  DOES 1-30, Inclusive,
17                        Defendants.
18  HAYES, Judge:

19          The matters before the Court are the Notice of Certification of Scope of Employment

20  for Defendant Dr. Donald Weiss and Notice of Substitution of United States of America as

21  Defendant in Place of Donald Weiss, M.D. (ECF No. 6), and the Motion to Dismiss the

22  Complaint filed by the United States.  (ECF No. 7).

                                **BACKGROUND**

23          On April 6, 2010, Plaintiff filed her Complaint against Sycuan Casino & Resort, Sycuan

24  Band of they Kumeyaay Nation, and Dr. Donald Weiss.  (ECF No. 1).

25          On September 9, 2010, the United States filed a Notice of Certification of Scope of

26  Employment for Defendant Dr. Donald Weiss. (ECF No. 6-1).  The United States concurrently

27  filed a Notice of Substitution of United States of America as Defendant in Place of Donald

28  Weiss, M.D. (ECF No. 6)  On September 24, 2010, Plaintiffs filed a Response to the Notice

1  of Substitution of United States of America as Defendant in Place of Donald Weiss. (ECF No.
2  10). The United States filed a Reply to Plaintiff's Response. (ECF No. 13).

3        The United States also filed a Motion to Dismiss the Complaint. (ECF No. 7). On
4  September 24, 2010, Plaintiffs filed an Opposition to Defendant's Motion to Dismiss for Lack
5  of Subject Matter Jurisdiction. (ECF No. 9). The United States filed a Reply to Plaintiff's
6  Opposition. (ECF No. 14).

7        Plaintiff contends that the certification that Weiss was acting within the scope of his
8  employment at the time of the incident is not valid because the only claim against Weiss is
9  battery, an intentional tort. Plaintiff contends that substitution of the United States as a
10  Defendant was improper because Plaintiff's battery claim seeks individual liability against
11  Weiss for his conduct outside the scope of his employment.

12        The United States contends the certification that Weiss was acting within the scope of
13  his employment at the time of the incident is valid because the allegations in the Complaint
14  against Weiss arise solely from his examination of Plaintiff at the Sycuan Medical/Dental
15  Center while he was providing medical care.

16                              **ALLEGATIONS OF THE COMPLAINT**

17        The Complaint alleges that on April 6, 2008, Plaintiff injured her head while at work.
18  (ECF No. 1 at 3). The Complaint alleges that on April 8, 2008, Plaintiff visited Weiss at the
19  Sycuan Medical/Dental Center and told Weiss that she had injured her head and neck. *Id*. at
20  3-4. The Complaint alleges: "Much to her surprise, Weiss placed his finger in Plaintiff's
21  rectum during her medical exam and then he immediately left the room." *Id*. at 4. The
22  Complaint alleges that Plaintiff asked a medical assistant why she had been given a rectal
23  exam and , "the assistant claimed that Weiss was confused about the nature of [Plaintiff's]
24  injury and that [Weiss] had left the office." *Id*. The Complaint asserts a claim of battery
25  against Weiss stating that Weiss "touched Plaintiff with the intent to cause a harmful or
26  offensive contact[,]" "Plaintiff did not give her willing, voluntary, or informed consent to be
27  touched[,]" and "Plaintiff was injured, harmed and/or offended by Defendant Weiss'
28  touching." *Id*. at 10.

1  //

2                                         **DISCUSSION**

3  **I.      Certification and Substitution**

4              The Notice of Certification, which is signed by an Assistant United States

5  Attorney, states:

6        Pursuant to the provisions of 42 U.S.C. § 233(c), and 28 U.S.C. § 2679(d), as
       amended by Public Law 100-694, and pursuant to the authority vested in the
7      United States Attorney to make scope of employment certifications under 28
       C.F.R. 15.3, ... I hereby find and certify that Donald Weiss, M.D., an
8      individual defendant named therein, at all relevant times, was acting within
       the scope of his employment at the Sycuan Medical Clinic and was providing
9      medical services  funded under the Indian Self Determination and Education
       Assistance Act (ISDEAA), 25 U.S.C. § 405f(d).  As such, claims for medical
10     malpractice against Sycuan Medical Clinic physicians, such as Dr. Weiss,
       arising from medical services provided within the scope of employment at the
11     Clinic, are cognizable exclusively against the United States under the Federal
       Tort Claims Act (FTCA), 28 U.S.C. 1346(b), 2671, et seq.  See 25 U.S.C. §
12     450f(d) and 42 U.S.C. § 233(a).  Based on my certification that Dr. Weiss
       was acting within the scope of his employment at the Sycuan Medical Clinic
13     at the time of the events out of which plaintiff's claim arose, plaintiff's claim
       must henceforth 'be deemed an action against the United States under the
14     provisions of the FTCA....' 28 U.S.C. § 2679(d)(1).

15  (ECF No. 6-1 at 1-2).

16         A district court may review the certification of the United States that a federal

17  employee was acting within the scope of his employment.  *Gutierrez de Martinez v.*

18  *Lamagno,* 515 U.S. 417, 436-37 (1995); *see also Osborn v. Haley*, 549 U.S. 225, 247

19  (2007) ("[A] complaint's charge of conduct outside the scope of employment, when

20  contested, warrants immediate judicial investigation. Were it otherwise, a federal employee

21  would be stripped of suit immunity not by what the court finds, but by what the complaint

22  alleges.") (citation omitted).  "Certification by the Attorney General is prima facie evidence

23  that a federal employee was acting in the scope of [his] employment at the time of the

24  incident and is conclusive unless challenged." *Billings v. United States*, 57 F.3d 797, 800

25  (9th Cir. 1995) (citing *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993)).  "The party seeking

26  review bears the burden of presenting evidence and disproving the Attorney General's

27  certification by a preponderance of the evidence." *Billings,* 57 F.3d at 800.

28         The district court reviews a scope of employment determination under the principles

of respondeat superior of the state in which the tort occurred.  *See McLachlan v. Bell*, 261 F.3d 908, 911 (9th Cir. 2001); *see also Wilson v. Drake,* 87 F.3d 1073, 1076 (9th Cir. 1996).  Under California law "the principle is 'well established' that 'an employee's willful, malicious and even criminal torts may fall within the scope of his or her employment for purposes of respondeat superior, even though the employer has not authorized the employee to commit crimes or intentional torts.'"  *Xue Lu v. Powell,* 621 F.3d 944, 948 (9th Cir. 2010) (quoting *Lisa M. v. Henry Mayo Newhall Memorial Hospital*, 12 Cal. 4th 291, 296, 48 Cal. Rptr. 2d 510, 512, 907 P.2d 358, 360 (Cal. 1995)).  "A nexus must exist between the employment and the tort if the employer is fairly to be held liable."  *Xue Lu,* 621 F.3d at 948.  "[T]he tort must be 'generally foreseeable' or 'engendered by' or 'arise from' the employment."  *Id*. (quoting *Lisa M.*, 12 Cal. 4th at 298, 48 Cal. Rptr. 2d at 514, 907 P.2d at 362)).

In this case, Plaintiff relies on the allegations of the Complaint to dispute certification and has not submitted any evidence to show that the certification by the Assistant United States Attorney that Weiss was acting within the scope of his employment at the time of the incident is invalid.  The Court finds that Plaintiff has failed to meet her burden "of presenting evidence and disproving the Attorney General's certification by a preponderance of the evidence."  *Billings,* 57 F.3d at 800; *see also Osborn*, 549 U.S. at 247 (2007)

## II.    Motion to Dismiss

The United States seeks to dismiss the Complaint against the United States because Plaintiff failed to comply with the requirement of exhausting her administrative remedies prior to filing suit pursuant to the Federal Tort Claims Act.  The United States has submitted the declaration of Daretia M. Hawkins ("Hawkins"), an attorney in the Claims and Employment Branch, Office of the General Counsel, Department of Health and Human Services.  Hawkins states that there is no record of any Federal Tort Claims Act presented by Plaintiff.

Plaintiff contends that she was not required to engage in administrative procedures

1  under the Federal Tort Claims Act because she alleged an intentional tort, but even if she

2  was, a constitutional tort claim could survive.

3        The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*,

4  provides a remedy for persons injured by the tortious activity of an employee of the United

5  States, where the employee was "acting within the scope of his . . . employment."  28

6  U.S.C. § 1346(b).  A FTCA action "shall not be instituted" against the United States unless

7  the claimant first presents the claim to the "appropriate Federal agency" and the claim is

8  denied or the agency fails to make a final disposition of the claim within six months.  28

9  U.S.C. § 2675(a) ; *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The [Federal Tort

10  Claims Act] bars claimants from bringing suit in federal court until they have exhausted

11  their administrative remedies.")  "The claim requirement of § 2675(a) is a jurisdictional

12  limitation."  *Meridian Intern. Logistics, Inc. v. United States*, 939 F.2d 740, 743 (1991)

13  (citing *Blain v. United States*, 552 F.2d 289, 291 (9th Cir. 1977)).

14        On April 6, 2010, this action was initiated.  (ECF No. 1).  The United States has

15  been substituted as a Defendant in place of Weiss.  The Court finds that Plaintiff has failed

16  to present her claim to the "appropriate Federal agency" prior to initiating this suit.  28

17  U.S.C. § 2675(a).  Additionally, Plaintiff has not alleged a constitutional tort in the

18  Complaint.

19                                    **CONCLUSION**

20        **IT IS HEREBY ORDERED**, pursuant the Indian Self Determination and

21  Education Assistance Act, 25 U.S.C. § 405f(d), 42 U.S.C. § 233(c), and 28 U.S.C. §

22  2679(d), that the United States of America shall be substituted as a defendant herein in

23  place of Defendant Donald Weiss.

24        **IT IS FURTHER ORDERED** that the Motion to Dismiss the Complaint as to the

25  United States (ECF No. 7) is granted.

26  DATED:  December 20, 2010

27

28                                    **WILLIAM Q. HAYES**
                                     United States District Judge